Littrell v. State—183 Ind. 638.

## LITTRELL v. STATE OF INDIANA.

[No. 22,488.   Filed October 27, 1915.]

1. CRIMINAL LAW.—*Witnesses.*—*Impeachment.*—In a prosecution for murder where one of the witnesses of the assault on cross-examination denied that at an examination before the chief of police and in the presence of other officers, she had told that she knew who hit decedent and had identified another man as the one who committed the crime, the action of the court in sustaining an objection to a question asking the chief of detectives, who testified that he was present at such examination, whether on that occasion a certain man had not been brought before the chief of police and identified by the prior witness as the one who committed the crime, on the ground that no proper foundation had been laid for the question by asking the prior witness if the latter was one of the officers present at such examination, was error, since the offered evidence was relevant, and to make it admissible it was not necessary to name the detective in the impeaching question as one of the officers present.   pp. 639, 640.

2. APPEAL.—*Record.*—*Bill of Exceptions.*—*Objections.*—An objection that "no question concerning the evidence is presented, for the reason that the bill of exceptions is not properly in the record" and that "it is not properly certified by the clerk", is not sufficiently specific to require the court to examine the clerk's certificate.   p. 640.

From Warrick Circuit Court; *Ralph E. Roberts*, Judge.

Prosecution by the State of Indiana against Thomas Littrell. From a judgment of conviction, the defendant appeals. *Reversed.*

*Henry W. Fulling, Harlan B. McCoy, Edward A. Lorch, Edgar Durre* and *Clifford T. Curry*, for appellant.

*Thomas M. Honan*, Attorney-General, and *Thomas H. Branaman*, for the State.

MORRIS, J.—Appellant was indicted in Vanderburgh County for the alleged murder of Tony Young. The venue was changed to the Warrick Circuit Court where a trial resulted in his conviction of murder in the second degree. The errors assigned here are the overruling of his motions to quash the indictment and for a new trial, but a consid-

eration of the former has been waived by a failure· to present, in his brief, any specific reason against the propriety of the court's ruling. The motion for a new trial assigns many alleged errors occurring at the trial, among which was the ruling of the trial court in excluding certain offered evidence of witness Edward Ossenberg.

The body of decedent was found in the Ohio River near Evansville two or three days after his death. After the discovery of the body, an investigation of the cause of death was made by Geo. L. Covey, chief of police of the city of Evansville, in the course of which he caused Mary Blankenship and Laura Weiss to be brought to headquarters, for examination. At this examination, conducted by the chief, Edward Ossenberg, chief of detectives on the police force, was present. At the trial, the principal witnesses for the prosecution were the two women above named. Numerous witnesses for appellant testified that each of the women sustained a bad reputation for morality and veracity.

It was the theory of the State that Tony Young came to his death by appellant knocking him into the Ohio River from the railing of an excursion boat. Mary Blankenship and Laura Weiss so testified, and, if appellant committed the deed, they were the only witnesses of the assault. The theory of the defense was that Young was accidentally drowned.

On cross-examination, Mary Blankenship testified that she and Laura Weiss were present at the examination before chief Covey. She was asked if, at that time, she

1. did not tell the chief, in the presence of other officers at police headquarters, that she knew who hit Young; that it was a man residing at a named place in Evansville; that if, thereupon, this man, named Frank Diehl, was not brought to the headquarters, before witness and Laura Weiss, and if the witness did not identify Diehl as the man who struck decedent and knocked him into the river. She answered the question in the negative.

Ossenberg testified that he was present at the examination of the Blankenship and Weiss women, at police headquarters. He was asked if, on that occasion, a man named Diehl was not brought before the chief, and if Mary Blankenship did not then say in the presence of chief Covey and witness that this was the man who knocked Tony Young into the river. The State objected to the question because no proper foundation had been laid for the question—that Mary Blankenship had not been asked about any statement made in the presence or hearing, of Ossenberg. Thereupon appellant made a proper offer to prove. The court sustained the objection. Counsel for appellant insist that this ruling constitutes reversible error. Appellee seeks to

2. meet this contention with the claim that the bill of exceptions containing the evidence is not in the record, which claim is presented in the brief as follows: "No question concerning the evidence is presented, for the reason that the bill of exceptions is not ·properly in the record. It is not properly certified by the clerk." This objection is not sufficiently specific to require this court to examine the certificate of the clerk. It fails to apprise the court in what respect the certificate is defective, and, as against the objection urged, it must be held that the bill of exceptions is properly authenticated. We are of the opinion that

1. the court erred in its ruling. The offered evidence was relevant to the issue. To make it admissible it was not necessary, that in the impeaching question, Ossenberg should have been named as one of the officers present.

It is unnecessary for us to consider the many other alleged errors presented by appellant's brief, because the same are not likely to arise on another hearing. Judgment reversed with instructions to sustain appellant's motion for a new trial. The warden of the State Prison is ordered to deliver appellant to the custody of the sheriff of Warrick County.

NOTE.—Reported in 109 N. E. 908. As to impeaching witnesses, see 14 Am. St. 157. See, also, under (1) 40 Cyc. 2719, 2773, 2774.